IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 2 0 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

CHRISTOPHER GROTHE,  §
    Plaintiff,  §
      §
      §
v.  §    No. 3:14-CV-930-G
      §
CAROLYN W. COLVIN,  §
Acting Commissioner of Social Security,  §
    Defendant.  §

## FINDINGS, CONCLUSIONS & RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Christopher Grothe ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her claim for supplemental security income under Title XVI of the Social Security Act (the "Act") pursuant to 42 U.S.C. § 405(g). For the following reasons, the District Court should GRANT Plaintiff's Motion for Summary Judgment [D.E. 21] and reverse and remand the final decision of the Commissioner.

## BACKGROUND

Plaintiff alleges that he is disabled due to variety of ailments including bipolar disorder and depression. *See* [D.E.16-7 at 7]. After his application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on May 8, 2012 in Oak Brook, Illinois before ALJ Janice M. Bruning. *Id.* [D.E.16-3 at 30]. At the time of the hearing, Plaintiff was 45 years old. *Id.* [D.E.16-3 at 21]. Plaintiff has a high school education. *Id.* [D.E.16-3 at 32]. Plaintiff has worked in the past as a sign installer and an electrician. *Id.* [D.E.16-3 at 44]. Plaintiff has not engaged in substantial gainful activity since July 26, 2010. *Id.* [D.E.16-3 at 18].

The ALJ posed to the Vocational Expert ("VE") a hypothetical individual within the same

age category, and with the same education and work history as Plaintiff who was also limited to simple, routine, and repeated tasks. *See id.* [D.E. 16-3 at 44]. The VE testified that Plaintiff could not perform his past relevant work, but could perform unskilled work as a janitor, dishwasher, and a warehouse worker. *See id.* [D.E. 16-3 at 44]. The VE further testified that if that individual should not come in contact with the public for work related purposes, but could have occasional contact with coworkers and supervisors, Plaintiff could still perform the tasks of a janitor, dishwasher, and warehouse worker. *See id.* [D.E. 16-3 at 44]. However, if the hypothetical individual was restricted to light work, the occupations of janitor, dishwasher, and warehouse worker would be eliminated because they are medium occupations, but the individual could perform the tasks of unskilled, light occupations as follows: light hand packaging, mold machine tender, and electrical accessories assembler. *See id.* [D.E. 16-3 at 44-45].

The ALJ determined that while Plaintiff had the following severe impairments: bipolar disorder and history of cannabis/alcohol dependence, Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926). *See id.* [D.E. 16-3 at 18-19]. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the limitation that he is restricted to performing simple, repeated, and routine tasks. *See id.* [D.E. 16-3 at 19]. The ALJ determined that Plaintiff is unable to perform any past relevant work, but could perform the tasks of occupations listed by the VE as follows: janitor, dishwasher, warehouse worker, light hand packager, mold machine tender, and an electrical accessory assembler. *See id.* [D.E. 16-3 at 22].

## LEGAL STANDARDS

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022

(5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan* , 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

Absent an error that affects the substantial rights of a party, administrative proceedings do not require "procedural perfection." *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 2931884, *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). Procedural errors affect substantial rights of a party only when the errors "cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).

Remand is required where there is a realistic possibility that the ALJ would have reached a different

conclusion absent the procedural error. *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010).

Further, "[t]he ALJ is not required to discuss every piece of evidence in the record nor must the ALJ

follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at

*7 (N.D. Tex. June 3, 2013).

## DISCUSSION

Plaintiff's appeal raises the following issues:

1.      Whether the ALJ's decision is supported by substantial evidence because she improperly arrived at Plaintiff's RFC without the support of a medical opinion; and

2.      whether the ALJ had good cause for rejecting the opinion of Plaintiff's treating psychiatrist, Dr. Ramachandran.

Pl.'s Br. [D.E. 22 at 17, 19]. Plaintiff contends that in arriving at her conclusion that Plaintiff had

severe mental impairments but had the mental RFC to perform simple and routine tasks, the ALJ

cited no supporting medical opinion, but rather engaged in her own analysis of the existing medical

evidence. *See id.* [D.E. 22 at 17]. Plaintiff contends that the ALJ ignored an opinion from a non-

examining Social Security physician finding that Plaintiff's mental impairments were not severe and

the opinions of two treating sources concluding that Plaintiff's mental impairments were so severe

that he was incapable of full time work. *See id.* [D.E. 22 at 17]. Rather, Plaintiff contends that the

ALJ reached a middle-ground determination that Plaintiff had the RFC to perform simple, routine

work while having severe mental impairments where no medical source came to such a conclusion.

*See id.* [D.E. 22 at 17]. Further, Plaintiff contends that the ALJ omitted some key items in her

analysis such as the fact that his treating therapists and psychiatrists consistently assessed his Global

Assessment of Function ("GAF") scores at 47 and observed his mood to be "depressed" and his affect "constricted." *See id.* [D.E. 22 at 18]. Further, Plaintiff contends that the ALJ engages in a selective discussion of the evidence such as stating that the medications were working, but leaving out instances when the doctors and therapists stated that the medications were not working. *See id.* [D.E. 22 at 18].

The Commissioner argues that the record supports the ALJ's RFC finding. *See* Def.'s Br. [D.E. 23 at 4]. The Commissioner points out that the ALJ recognized that despite Plaintiff's alleged limitations, he continued to seek work opportunities and performed odd jobs for pay. *See id.* [D.E. 23 at 4]. Further, the Commissioner notes that the ALJ considered Plaintiff's statements that his main problem in finding employment was a lack of transportation due to the loss of his driver's license. *See id.* [D.E. 23 at 4]. In addition, the Commissioner states that the ALJ noted Plaintiff's daily activities which included performing chores and repairs for others, doing household chores, riding his bike, attending Alcoholics Anonymous meetings, using a personal computer, shopping, bowling, using public transportation, and playing the guitar. *See id.* [D.E. 23 at 4]. The Commissioner argues that engaging in such activities demonstrate Plaintiff's ability to at least perform simple, repeated, and routine tasks and supports the ALJ's evaluation of Plaintiff's vocational abilities. *See id.* [D.E. 23 at 4]. Further, the Commissioner points out that the record contains multiple mental status examinations that demonstrate normal cognitive functioning. *See id.* [D.E. 23 at 6]. Therefore, the Commissioner argues that substantial evidence supports the ALJ's RFC finding. *See id.* [D.E. 23 at 6].

In *Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995), the Fifth Circuit explained as follows:

> The ALJ is responsible for determining an applicant's residual functional capacity. After considering the evidence, however, we conclude that the ALJ's determination . . . was not supported by substantial evidence. The record includes a vast amount of medical evidence establishing that Ripley has a problem with his back. What the record does not clearly establish is the effect Ripley's condition had on his ability to work. . . . The Commissioner argues that the medical evidence substantially supports the ALJ's conclusion. In making this argument, the Commissioner points to reports discussing the extent of Ripley's injuries. Without reports from qualified medical experts, however, we cannot agree that the evidence substantially supports the conclusion that Ripley was not disabled because we are unable to determine the effects of Ripley's conditions . . . on his ability to perform sedentary work.

*Id.* Similarly, while the Commissioner here points to evidence of normal cognitive functions and ability to perform odd jobs for pay, the undersigned is not able to agree that the evidence substantially supports the ALJ's conclusion that Plaintiff was not disabled because there is no medical opinion supporting the ALJ's finding that Plaintiff has the RFC to perform a full range of work at all exertional levels as long as he is restricted to simple, repeated, and routine tasks. Having declined to rely upon any of the medical source opinions addressing the effects of Plaintiff's mental impairment on his ability to work, the ALJ here improperly made an independent RFC finding. *See Thornhill v. Colvin*, 3:14-CV-335-M (BN), 2015 WL 232844, at *10 (N.D. Tex. Jan. 16, 2015) ("The problem with the ALJ's RFC determination is, as Plaintiff argues, that the ALJ rejected any medical opinion addressing or touching on Plaintiff's condition's effect on her ability to work and relied on progress notes that do not themselves address Plaintiff's work limitations. . . .While the ALJ may choose to reject medical sources' opinions, he cannot then independently decide the effects of Plaintiff's mental impairments on her ability to perform work-related activities, as that is prohibited by *Ripley* . . . . Rather, at that point, it became incumbent upon the ALJ to obtain an expert medical opinion about the types of work tasks that Plaintiff could still perform given her impairments." (citing *Ripley*, 67 F.3d at 557-58; *Williams v. Astrue*, 355 F. App'x 828, 831-32 (5th

Cir. 2009)); *see also Williams*, 355 F. App'x at 832 n.6 ("In *Ripley*, we held that an ALJ may not-without opinions from medical experts-derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions."). Because the ALJ erred in making an RFC determination without medical evidence addressing the effects of Plaintiff's impairments on his ability to work, the ALJ's decision is not supported by substantial evidence.

## **RECOMMENDATION**

For the reasons stated above, the undersigned respectfully recommends that the Court GRANT Plaintiff's Motion for Summary Judgment [D.E. 21] and reverse and remand the final decision of the Commissioner for proceedings consistent with this recommendation.

SO RECOMMENDED, this 20 day of July, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).